UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MINOR ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case no. 4:19-cv-1314 PLC |
| | ) |
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| and | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL | ) |
| WORKERS, LOCAL 655, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on a motion to dismiss filed by Defendant United Food and Commercial Workers, Local 655 ("the Union") [ECF No. 11].[2] Minor Robinson ("Plaintiff") opposes the motion and requests leave to amend the complaint [ECF No. 24].

### Background

Plaintiff, who is African American, was a grocery store clerk for Defendant Schnuck Markets, Inc. ["Employer"] from November 1996 until March 28, 2016. Pl.'s compl. ¶¶ 6-8 [ECF No. 5]. After the Union arbitrated Plaintiff's challenge to his termination and an adverse arbitration award was entered, Plaintiff filed this two-count lawsuit against Defendants. See id. ¶ 30. In each count, Plaintiff requests an award of "actual and compensatory damages," punitive damages, a reasonable attorney's fee, and reinstatement with back pay and benefits or, alternatively, an award of front pay.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(b).

[2] The second Defendant, Schnuck Markets, Inc., also filed a motion to dismiss [ECF No. 17]. The Court addresses that motion in a separate order.

In Count I, Plaintiff alleges Employer is liable under 42 U.S.C. § 1981 for its alleged race discrimination in discharging him. In Count II, Plaintiff alleges both Defendants are liable under 42 U.S.C. § 1985(2) for conspiring to "imped[e], hinder[], obstruct[], or defeat[], the due course of justice in the State of Missouri (the state in which the arbitration occurred) with the intent to deny Plaintiff" equal protection. Pl.'s compl. ¶ 36 [ECF No. 5].

With respect to the claim in Count II, Plaintiff alleges that he had asked a "fellow employee," identified as "Rose," to "attend the arbitration and testify for him," because she "would have provided material evidence in support of Plaintiff's claim that he was fired without cause." Id. ¶¶ 31 and 33. "[A]t the behest of the" Employer, Plaintiff's "Union representative and union attorney" allegedly asked Plaintiff to request Rose to leave. Id. ¶¶ 32 and 35. "Plaintiff did what his lawyer and union representative requested and asked Rose to leave." Id. ¶ 32. As a result of Rose's departure, Plaintiff alleges he "did not have any witnesses other than himself to support his position." Id. ¶ 32.

Under Federal Rule of Civil Procedure 12(b)(6), the Union moves to dismiss the Section 1985(2) claim for failure to state a claim on which relief can be granted. In particular, the Union argues Plaintiff's claim appears to fall within the second clause of Section 1985(2), the clause which prohibits interference with the administration of justice in state courts and does not mention arbitrations.[3] Plaintiff counters that: (1) the arbitration was conducted pursuant to a collective bargaining agreement, (2) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, governs and completely preempts "any lawsuit that requires

---

[3] The Union also argues in its motion to dismiss that Plaintiff's claim against the Union may be construed as a claim under 42 U.S.C. § 1985(3) or as a claim for breach of a union's duty of fair representation. Because the Court finds the Union's argument regarding § 1985(2) has merit, the Court declines to further address the Union's other arguments.

2

interpretation of a collective bargaining agreement to reach a decision,"[4] (3) "it has long been held that arbitration of claims under a collective bargaining agreement is an acceptable substitute for a federal court['s] involvement,"[5] and (4) "[t]herefore, interference with an arbitration conducted pursuant to a collective bargaining agreement is interference with the federal courts."[6] See Pl.'s opp'n Def. Union's mot. dismiss at 2 [ECF No. 24].

Plaintiff further asserts that, based on his "analysis it appears that this case arises under the first prong of section 1985(2) [proscribing] conspiracies to interfere with the administration of justice in the federal courts." Id. Because "the facts . . . support a different legal theory," Plaintiff urges dismissal due to an incorrect legal theory is not warranted and seeks leave to file an amended complaint alleging interference "with the federal courts." Id. In its reply, the Union (1) opposes Plaintiff's argument that he can state a claim for relief under either clause of Section 1985(2), and (2) opposes Plaintiff's request to file an amended complaint because the proposed amendment would be futile. Specifically, the Union contends "even under the first portion of Section 1985(2), . . . the plaintiff still cannot make out an actionable claim due to the fact that there was no federal court action involving the underlying private arbitration." Def. Union's reply at 6 [ECF No. 26].

**Legal Standard**

A. <u>Dismissal under Rule 12(b)(6)</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant moves to dismiss a

---

[4] Plaintiff cites <u>Boldt v. Northern States Power Co.</u>, 904 F.3d 586, 590 (8th Cir. 2018) (addressing preemption of state law claims) in support of this assertion. Pl.'s opp'n at 2 [ECF No. 24].

[5] Plaintiff does not cite authority supporting this statement.

[6] Plaintiff does not cite authority supporting this statement.

complaint for failure to state a claim upon which relief can be granted, a court must regard as true the facts alleged in the complaint and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); accord Stanley v. Finnegan, 899 F.3d 623, 635 (8th Cir. 2018) (under Rule 12(b)(6), a court accepts as true the factual allegations in the complaint and views them "most favorably to the" plaintiff). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Kulkay v. Roy, 847 F.3d 637, 641 (8th Cir. 2017) (a court does "not . . . presume the truth of legal conclusions couched as factual allegations").

The pleading must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 678; Park Irmat Drug Corp. v. Express Scripts Holding Co., 911 F.3d 505, 512 (8th Cir. 2018) "Although a plaintiff need not allege facts in painstaking detail, the facts alleged 'must be enough to raise a right to relief above the speculative level.' Twombly, 550 U.S. at 555." Kulkay, 847 F.3d at 642. "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

"The plausibility standard requires a [pleader] to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). More specifically, for a civil rights complaint, a plaintiff "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right." Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotation marks and citations omitted). "[T]he complaint must include sufficient factual allegations to provide the grounds on which the [civil rights] claim rests." Id.

If a claim is only conceivable, not plausible, the court must dismiss the pleading under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 679.

    B.  Amendment of complaint

Federal Rule of Civil Procedure 15(a) requires a plaintiff to obtain leave of court to amend a complaint more than twenty-one days after service of either the original complaint or a motion to dismiss under Rule 12(b), and in the absence of an opponent's consent. Fed. R. Civ. P. 15(a)(1) and 15(a)(2). Importantly, Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation marks and citations omitted). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (quoting Sliva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014)). Importantly, "a party is not entitled to amend a complaint without making a . . . showing that such an amendment would be able to save an otherwise meritless claim." Plymouth Cty., Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2014).

## Discussion

    A.  Dismissal

The Union argues the claim Plaintiff pursues in Count II under the second phrase of 42 U.S.C. 1985(2) fails to state a claim which relief can be granted because it arises out of a private arbitration rather than a state court proceeding. Plaintiff does not oppose this argument but

contends the alleged facts support a claim under the first phrase of 42 U.S.C. § 1985(2), which proscribes conspiratorial conduct related to a federal court proceeding. Plaintiff bases this argument on his position that "interference with an arbitration conducted pursuant to a collective bargaining agreement is interference with the federal courts." In its reply, the Union asserts Plaintiff's allegations in Count II cannot state a claim for relief under either the first phrase or the second phrase of Section 1985(2), because the alleged interference occurred in the course of a private arbitration and did not occur with respect to either a state court or a federal court proceeding.

Section 1985 provides in relevant part:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness <u>in any court of the United States</u> from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, <u>the due course of justice in any State</u> or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

\* \* \*

(3) Depriving persons of rights or privileges

. . . [then] . . ., if one or more persons engaged [in any conspiracy set forth in Section 1985] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

6

(Emphasis added).  See Haddle v. Garrison, 525 U.S. 121, 125 n.2 (1998) ("Section 1985(3) contains the remedial provision granting a cause of action for damages to those harmed by any of the conspiracies prohibited in § 1985"); Kush v. Rutledge, 460 U.S. 719, 724 (1983) ("The civil remedy for a violation of any of the subsections is found at the end of § 1985(3)").  In more general terms, the first clause of Section 1985(2) proscribes "conspiracies to interfere with the administration of justice in federal courts" and the second clause of Section 1985(2) proscribes "conspiracies to interfere with the administration of justice in state courts."  Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986); see also Kush, 460 U.S. at 724-25 (noting the "first portion of Section 1985(2)" concerns conspiracies involving conduct relating to "federal judicial proceedings" and "the second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts").

Here, Plaintiff does not allege that Defendants' conspiratorial conduct was related to any federal or state court proceeding.  While the allegations may support a claim that Defendants conspired to interfere with Plaintiff's participation in an arbitration proceeding, such a claim is not encompassed by Section 1985(2).  See Steckelberg v. Rice, 184 F. Supp. 3d 746, 758 (D. Neb. 2016) (concluding the requirement in the first clause of Section 1985(2) that the alleged conspiracy occur "in any court of the United States" "certainly [did] not include an arbitration proceeding"), aff'd, 878 F.3d 630 (8th Cir. 2017) (per curiam).  Plaintiff's complaint lacks any allegation that Defendants' conduct is related to any court proceeding, and focuses entirely on Defendants' alleged interference with an arbitration proceeding.

Moreover, Plaintiff's argument to support his position that the underlying arbitration proceeding should be deemed a federal court proceeding for purposes of the first phrase of § 1985(2) is not persuasive.  The statutory language of the first phrase of § 1985(2) is clear in

specifying to what the statute applies - the statute focuses on conspiracies to deter, intimidate or threaten "any party or witness in any court of the United States." As the court in Steckelberg, supra, stated: "a 'court of the United States' [as set forth in the first clause of § 1985(2)] is a federal court, not a state court, and certainly not an arbitration proceeding"). Steckelberg, 184 F. Supp. 3d at 758. The arbitration at issue here was not "in any court of the United States" and, therefore, does not fall within the first phrase of Section 1985(2).

Because it is not plausible that Plaintiff's Section 1985(2) claim is related to either a federal court or a state court proceeding, the Court grants the Union's motion to dismiss Plaintiff's Section 1985(2) claim in Count II for failure to state a claim upon which relief can be granted. See, e.g., Kwoun v. Southeast Mo. Prof'l Standards Review Org., 622 F. Supp. 520, 528 (E.D. Mo. 1985) (dismissing a claim under § 1985(2) in part because "[t]here are no allegations regarding either federal courts or state courts in" the complaint).

B. Amendment of complaint

In his opposition to the Union's motion to dismiss, Plaintiff "requests leave to file an amended complaint alleging interfering with the federal courts" under the first phrase of Section 1985(2). Pl.'s opp'n at 2 [ECF No. 24]. The Union opposes the request on the ground a claim under the first phrase of Section 1985(2) would be futile because no federal court proceeding underlies the subject of Plaintiff's Section 1985(2) claim.

Under Rule 15(a)(2), the Court must consider whether to grant Plaintiff leave to amend the complaint, as Plaintiff requests, because (1) more than twenty-one days have passed since service of the complaint on the Union in April 2019[7] and service of Defendants' motions to

---

[7] See State court docket sheet [ECF No. 1-2 at 1]; Return of Service of summons and complaint on the Union [ECF No. 1-2 at 4].

dismiss,[8] and (2) the Union opposes the requested amendment.[9] The Union urges the Court to deny leave to amend because Plaintiff's proposed amendment would be futile.

While Plaintiff seeks amendment to assert a claim under the first phrase of Section 1985(2), Plaintiff has not demonstrated how the amendment will save his claim under 1985(2). No federal court is involved in or associated with the arbitration proceeding that is the proceeding underlying Plaintiff's Section 1985(2) claim. Nothing of record shows that Defendants engaged in conspiratorial conduct beyond that arbitration proceeding. Nothing of record demonstrates Defendants allegedly conspired against Plaintiff or any witness of Plaintiff with respect to any proceeding "in a court of the United States." Therefore, Plaintiff's proposed amendment is futile.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that the Union's motion to dismiss [ECF No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Count II in the complaint is **DISMISSED**.

**IT IS FINALLY ORDERED** that Plaintiff's request to amend the complaint, as set forth in Plaintiff's opposition to the Union's motion to dismiss [ECF No. 24 at 2] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of July, 2019

---

[8] See motions to dismiss [ECF Nos. 11 and 17].

[9] See the Union's reply at 5-6 [ECF No. 26].