UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MINOR ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1314 PLC |
| ) | |
| SCHNUCK MARKETS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Schnuck Markets, Inc.'s ("Employer") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 17] Employer moves to dismiss Plaintiff Minor Robinson's two-count petition alleging race discrimination in violation of 42 U.S.C. § 1981 (Count I) and civil conspiracy in violation 42 U.S.C. § 1985 (Count II).[1] Plaintiff opposes the motion. [ECF No. 25] For the following reasons, the Court denies Employer's motion.

---

[1] In its present motion to dismiss, Employer urges the Court to dismiss Plaintiff's Count II on the ground of res judicata or, in the alternative, failure to state a claim under Fed. R. Civ. P. 12(b)(6). [ECF No. 18] Plaintiff did not respond to Employer's Rule 12(b)(6) argument regarding Count II and, at the hearing on Employer's motion to dismiss, Plaintiff's counsel acknowledged that Plaintiff's "section 1985 claim is out." [ECF Nos. 25, 37] "A plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims." Williams v. FCA US LLC, No. 17-CV-0844-W-DW, 2018 WL 3973075, at *6 (W.D. Mo. Apr. 16, 2018) (quotation omitted). The Court therefore finds that Plaintiff abandoned his section 1985 claim against Employer and dismisses Count II to the extent it remains pending against Employer. To the extent Plaintiff seeks leave to amend the petition with respect to his section 1985 claim against Employer in Count II, that request is denied for the same reasons the Court denied the request when addressing the Union's motion to dismiss. [See ECF No. 30]

I.      **Factual and Procedural Background**

The facts, as alleged in the petition, are as follows: Plaintiff, who is African American, worked as an overnight grocery clerk for Employer for twenty years. [ECF No. 5 at ¶¶ 6-9] Plaintiff's shift was eight and a half hours and included two unpaid fifteen-minute breaks. [Id. at ¶ 11] "The night shift employees [were] free to take their breaks at times of their choice." [Id. at ¶ 13] Plaintiff would work eight consecutive hours, take his two fifteen-minute breaks and eat his lunch, and "then…leave at the end of his eight and one-half [hour] shift." [Id. at ¶ 12]

Plaintiff's co-worker accused him of exceeding his break time by forty-five minutes, and she reported the alleged violation to management "in order to have Plaintiff terminated so that a white employee named Sam could get more hours." [Id. at ¶ 14] Employer subsequently investigated the report and determined the "alleged extension of break time was de minimis and not a material violation of the break time policy." [Id. at ¶ 16] Despite these findings, Employer discharged Plaintiff. [Id. at ¶ 18] Plaintiff's petition identified three "similarly situated white grocery clerks" who, he alleged, regularly violated Employer's break-time policy and were not discharged. [Id. at ¶¶ 15-17] Employer replaced Plaintiff with a white employee. [Id. at ¶ 23]

Plaintiff's union arbitrated his challenge to his termination, and the arbitrator found in favor of Employer. [Id. at ¶ 24] Plaintiff subsequently filed an action against Employer in the Circuit Court of St. Louis County alleging that his termination violated the Missouri Human Rights Act (MHRA). See Robinson v. Schnuck Markets, Inc., 17SL-CC02430 ("Robinson I"). The state court involuntarily dismissed Plaintiff's action but set aside the involuntary dismissal in January 2018. [See ECF No. 25-1] Plaintiff voluntarily dismissed his MHRA claim without prejudice in March 2018. [See ECF No. 27-2]

In May 2019, Plaintiff filed the instant case in the Circuit Court of St. Louis County against Employer and a second defendant, United Food and Commercial Workers, Local 655 ("the Union"). [ECF No. 5] In Count I, Plaintiff sought damages under 42 U.S.C. § 1981 for Employer's alleged race discrimination in terminating Plaintiff's employment. [ECF No. 5] In Count II, Plaintiff alleged Employer and the Union were liable under 42 U.S.C. § 1985(2) for conspiring "to imped[e], hinder[], obstruct[], or defeat[], the due course of justice…with the intent to deny Plaintiff" equal protection. [Id.] Employer removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. [ECF No. 1] The Court previously granted the Union's motion to dismiss Count II for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [ECF No. 30]

Employer moves to dismiss Plaintiff's section 1981 action on the ground that the "doctrine of res judicata bars relitigation of those claims which were or could have been raised in a prior action." [ECF No. 18 at 2] More specifically, Employer argues that res judicata bars Plaintiff's section 1981 action because: (1) it arises from the same facts and involves the same parties as Robinson I; and (2) under Fed. R. Civ. P. 41(a)'s two-dismissal rule, Plaintiff's voluntary dismissal in Robinson I "operates as an adjudication on the merits" for purposes of res judicata.[2] [Id. at 4]

Plaintiff filed a response in opposition to Employer's motion to dismiss asserting that res judicata does not apply because Robinson I was not "adjudicated on the merits." [ECF No. 25] In regard to Employer's effort to invoke the two-dismissal rule, Plaintiff states that Employer's

---

[2] Rule 41(a), which governs voluntary dismissal, provides: "Unless [a] notice or stipulation [of dismissal] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "The purpose of the two dismissal rule is to prevent the harassment of the defendant through the repeated commencement and dismissal of actions based on the same claim." Shannon v. GFK Custom Research LLC, No. 4:13-CV-682 CAS, 2013 WL 4829220, at *3 (E.D. Mo. Sept. 10, 2013) (internal quotation marks omitted) (quoting 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.33[7][a] (3d ed. 2013)).

argument fails because the state court's "involuntary dismissal without prejudice was set aside and held to be void, [and] the voluntary dismissal without prejudice [in Robinson I] was the first and only dismissal[.]" [Id. at 1-2]

Employer filed a reply memorandum in support of its motion to dismiss, arguing that Plaintiff's "voluntary dismissal [in Robinson I] served as final adjudication of his MHRA claims and all claims or legal theories that arise out of his termination." [ECF No. 27 at 2] Employer also contends for the first time in its reply memorandum that the instant action is barred by the MHRA's statute of limitations.[3]

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.    Discussion

Employer asserts that the doctrine of res judicata bars Plaintiff's section 1981 action because Plaintiff's "voluntary dismissal [in Robinson I] served as a final adjudication of his MHRA claims and all claims or legal theories that arise out of his termination." [ECF No. 27 at

---

[3] In its reply brief and at the hearing on the motion to dismiss, Employer's counsel did not re-assert Employer's earlier argument that Rule 41(a)'s two-dismissal rule applies in this case. The Court therefore deems that argument abandoned.

4

2] Plaintiff counters that a voluntary dismissal without prejudice is not a final adjudication for purposes of res judicata. [ECF No. 25 at 2]

"Res judicata operates so that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Brown v. Kansas City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). "Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" Id. (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)).

Here, the preclusive effect of the state court judgment is governed by the law of Missouri, the state in which the judgment was rendered. See Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir. 2010); Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 804 (8th Cir. 2006). Under Missouri law, "res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." Brown, 931 F.3d at 714 (internal quotation marks omitted) (quoting Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. App. 2006)).

There is no dispute that the first and third elements of res judicata are met.[4] The question before the Court is whether the voluntary dismissal in Robinson I constitutes a "final judgment on

---

[4] Although not raised in response to Employer's motion to dismiss, Plaintiff's counsel suggested at the hearing that the instant case arises from a different cause of action than Robinson I because it is based on section 1981 and not the MHRA. The Eighth Circuit has held, however, that "[s]eparate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" Brown, 931 F.3d at 715 (quoting King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. banc 1991)). See also Chesterfield Village, Inc. v. City of

5

the merits" satisfying the second element of res judicata. Employer urges the Court to find that "the cause of action in Robinson I was fully adjudicated" in March 2018 when Plaintiff voluntarily dismissed that case. [ECF No. 27 at 3] Employer cites no authority in support of its position that a voluntary dismissal without prejudice is a final judgment on the merits.

Missouri Rule of Civil Procedure 67.02 "authorizes a plaintiff in a court-tried case to voluntarily dismiss either the entire action, or one or more counts thereof, without prejudice prior to the introduction of evidence at trial." Hart v. Impey, 382 S.W.3d 918, 921 (Mo. App. 2012) (citing Mo. R. Civ. P. 67.02(a)(2)). Additionally, Rule 67.02 authorizes a voluntary dismissal without prejudice "[p]rior to the swearing of a jury panel for the voir dire examination" in a jury tried case. Rule 67.02(a)(1). Missouri Rule of Civil Procedure 67.01 provides: "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Mo. R. Civ. P. 67.01.

Plaintiff voluntarily dismissed Robinson I without prejudice. "Once Plaintiff[] voluntarily dismissed [his] entire action without prejudice, it is as if that suit had never been filed." Hart, 382 S.W.3d at 921. See also In re Hernandez, 860 F.3d 591, 598 (8th Cir. 2017) (applying similar Minnesota law) ("Because all claims between codefendants were dismissed without prejudice by stipulation, there was no final adjudication on the merits" of those claims); Oney v. Pattison, 747 S.W.2d 137, 139 (Mo. banc 1988)[5] ("A voluntary dismissal without prejudice terminates the cause of action; it is as if the suit had never been filed."). Accordingly, Robinson I was not a "final judgment on the merits" for purposes of res judicata.

---

Chesterfield, 64 S.W.3d 315, 319 (Mo. banc 2002) ("To determine whether [a plaintiff] asserts the same claims in both cases, a court looks to the factual bases for the claims, not the legal theories.").
[5] Oney was overruled on other grounds by State ex rel. DePaul Health Ctr. v. Mummert, 870 S.W.2d 820, 822 (Mo. banc 1994).

Employer argues that when Plaintiff voluntarily dismissed his MHRA claim, "he abandoned his ability to pursue further legal theories that arose from his termination and labor arbitration hearing." [ECF No. 27 at 3] In support of its position, Employer cites Knutson.

Knutson arose from a water main break that flooded the plaintiffs' property, damaging their house and yard. 600 F.3d at 994. The plaintiffs filed suit against the defendant city in state court seeking damages under theories of inverse condemnation, intentional trespass, and negligence. Id. After the state court granted the defendant summary judgment, the plaintiffs filed a complaint against the defendant in federal court alleging violations of their rights under the Fourth, Fifth, and Fourteenth Amendments. Id. at 995. The district court dismissed the plaintiffs' federal claims and the Eighth Circuit affirmed the dismissal. Id. at 998-99. The Eighth Circuit reasoned that the doctrine of res judicata barred the federal claims because they were "based on the same underlying factual circumstances" as the state claims and "could have been raised in the state-court action." Id. at 999.

Knutson is distinguishable because there was a final judgment in the state-court proceeding. Unlike the state court in Knutson, the state court did not enter summary judgment in Robinson I. Instead, Plaintiff voluntarily dismissed his state-court action without prejudice. As previously discussed, in Missouri, a voluntary dismissal is not a judgment on the merits for purposes of res judicata.

Employer also argues in its reply brief that the MHRA's statute of limitations bars the instant action. The MHRA provides that "[a]ny action brought in court ... shall be filed within ninety days from the date of the commission's notification letter…but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. § 213.111.1. Employer correctly states that Missouri's one-year savings statute does not

7

apply to the MHRA.  See Davison v. Dairy Farmers of Am., Inc., 449 S.W.3d 81, 85 (Mo. App. 2014).

Employer terminated Plaintiff's employment on March 28, 2016, and Plaintiff received his right-to-sue letter on April 6, 2017.  [See ECF No. 27-1 at 1-6, 9]   There is no dispute that Plaintiff's instant case, filed on May 16, 2019, would be untimely under the MHRA.  However, Plaintiff does not allege an MHRA claim in the present case.  Rather, Plaintiff filed this action under section 1981.  The statute of limitations for a section 1981 claim is four years.  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).  Employer cites no authority supporting the proposition that the MHRA's statute of limitations bars this section 1981 action solely because it "could have been raised in Robinson I."  The Court therefore denies Employer's motion to dismiss Plaintiff's section 1981 claim against Employer.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Employer's motion to dismiss [ECF No. 17] is **GRANTED** in part to dismiss the section 1985 claim in Count II to the extent that claim remains pending against Employer.

**IT IS FURTHER ORDERED** that Employer's motion to dismiss [ECF No. 17] is otherwise **DENIED**.

All terms and provisions of the Case Management Order, including the provision relating to the September 21, 2020 jury trial, remain in full and force effect with respect Plaintiff's section 1981 claim against Employer.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of November, 2019